UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JUDY THOMAS | ) | Civil Action No.: 1:07-CV-02588 |
| | ) | |
| Plaintiff, | ) | Judge Boyko |
| | ) | |
| vs. | ) | |
| | ) | |
| EQUIFAX INFORMATION SERVICES, LLC | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**STIPULATED PROTECTIVE ORDER**

IT IS HEREBY STIPULATED BY AND BETWEEN Plaintiff, Judy Thomas ("Plaintiff"), and Defendants Equifax Information Services LLC ("Equifax") and Trans Union LLC ("Trans Union"), by and through their respective attorneys of record, as follows:

WHEREAS documents and information have and may be sought, produced or exhibited by and among the parties to the above referenced action, which relate to trade secrets, confidential research, development, technology, business plans or other proprietary information belonging to the defendants and/or business and personal income tax returns and other confidential documents of Plaintiff;

THEREFORE an order of this Court protecting such trade secrets and confidential information shall be made by the Court on the following terms:

1.      Any information submitted, either voluntarily or pursuant to any subsequent order in this action, which is asserted by any of the parties to contain or constitute trade secret or other confidential research, shall be so designated by said party

4735992

in writing, or orally at a deposition, hearing, or trial and shall be segregated from other information being submitted. Documents so designated shall be clearly and prominently marked on their face with the legend: "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY".

2. The producing party shall only designate as confidential information which the party or non-party believes in good faith contains trade secrets or other information protected by F.R.C.P. 26(c)7 and which are not generally known and would not generally be revealed to third parties.

3. Subject to paragraph 6, in the absence of prior written permission from the individual or entity asserting confidential treatment, or an order by the Court, any confidential documents or business information submitted in accordance with the provisions of paragraph 1, above, that are marked "CONFIDENTIAL" shall not be disclosed to any person other than: (i) the parties' and their attorneys in this action, including any necessary support personnel assisting such attorneys, (ii) qualified persons taking testimony involving such documents or information and necessary stenographic and clerical personnel, (iii) experts and their staff who are employed for purposes of this litigation, and (iv) the Court and any personnel of the Court including members of any jury impaneled to hear this case.

4. Subject to paragraph 6, confidential information submitted in accordance with the provisions of paragraph 1, above, shall not be made available to any person designated in paragraph 3 (i) or (iii) unless he or she shall have first read this order, agreed to be bound by the terms thereof, agreed not to reveal such confidential

information to anyone other than persons designated in paragraph 3, above, and agreed to utilize such confidential information solely for the purpose of this litigation.

5. Upon receipt of any document or other information marked by the opposing party as "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEY'S EYES ONLY", the receiving party shall make a good faith determination of whether the subject document or information is properly classified. If the receiving party concludes in good faith that the documents or other information are not properly classified, the receiving party shall notify the delivering party by facsimile of this conclusion, but shall continue to maintain the documents or other information as confidential for ten (10) business days after such notice. The delivering party shall then have the right to move the Court to retain such documents or other information as confidential upon satisfying the standards and requirements of F.R.C.P. 26c. If the delivering party files a motion within the ten (10) business days period, the receiving party shall continue to retain the document or information as confidential until the Court has ruled on said motion.

6. Subject to paragraph 6, any confidential information submitted to the Court in connection with a motion, trial or other proceeding within the purview of this lawsuit shall be submitted as set forth in paragraph 1, above, and shall be maintained by the Clerk under seal. Only the Court and counsel of record for the respective parties shall have access to such confidential information.

7. Subject to paragraph 6, the parties and their attorneys shall take all necessary and proper steps to preserve the confidentiality of, and to protect the rights of the individual or entity asserting confidential treatment with respect to, any confidential

information designated by said individual or entity in accordance with paragraph 1, above.

8. Subject to paragraph 6, all persons having knowledge of, access to or possession of any confidential information as a result of this litigation shall refrain from disclosing any portion of such information to any other person or entity except as otherwise permitted by this protective order.

9. Subject to paragraph 6, if confidential information submitted in accordance with paragraph 1, above, is disclosed to any person other than in the manner authorized by this protective order, the party responsible for the disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the party asserting confidential treatment and, without prejudice to other rights and remedies of the party asserting confidential treatment, make every effort to prevent further disclosure by the responsible party or by the person who was the recipient of such information.

10. The Court shall retain the jurisdiction and authority to modify this order at the request of either party and upon a showing of good cause.

11. Subject to paragraph 6, within ninety (90) after final termination of this lawsuit, upon written request, the parties shall assemble and return to the party asserting confidential treatment all items containing confidential information submitted in accordance with paragraph 1, above. At the option of the party asserting confidential treatment, the parties may elect to destroy all items containing confidential information submitted in accordance with paragraph 1, above. If either party elects to have its

confidential information destroyed rather than returned, the other party shall send written verification that the documents have in fact been destroyed.

12. This protective order shall remain binding after the conclusion of this litigation unless otherwise ordered by the Court, and the Court shall retain jurisdiction over all parties bound hereby for the purposes of this protective order.

13. Nothing in this order shall preclude any party from using its own confidential information in any manner it chooses. However, if a party voluntarily (as opposed to being ordered to by a Court) produces or releases any document to any person not otherwise a party to this or a corresponding protective order or confidentiality agreement, then such document(s) will no longer be deemed subject to this order.

14. It is the spirit and intent of this document to maintain confidentiality of information. Its intent is not to inhibit the parties from pursuing and presenting their case on the merits in this litigation and in the event of a dispute about its interpretation, the interpretation should be made with this spirit and intent considered.

Case 1:07-cv-02588-CAB Document #: 18 Filed: 12/14/07 Page 5 of 7 PageID #:107

Agreed and stipulated to by:

This 11th day of December, 2007.

                JUDY THOMAS

                By: ___/s/ Sylvia Antalis Goldsmith____
                      Sylvia Antalis Goldsmith
                      Law Office Sylvia A. Goldsmith
                      P.O. Box 438
                      Avon, OH 44011-0438
                      440-934-3025
                      Fax: 440-934-3026
                      Email: SGoldsmithLaw@aol.com

                EQUIFAX INFORMATION
                SERVICES LLC

                By: ___/s/ John Anthony Love_____
                      J. Anthony Love, Esq.
                      Pro Hac Vice Pending
                      King & Spalding LLP
                      1180 Peachtree Street, N.E.
                      Atlanta, GA 30309

                TRANS UNION LLC

                By: ___/s/ Robert J. Schuckit_____
                      Robert J. Schuckit, Esq.
                      Wade Fulford, Esq.
                      Schuckit & Associates PC
                      10 West Market Street
                      Suite 3000
                      Indianapolis, IN 46204

## **ORDER**

GOOD CAUSE APPEARING THEREFORE,

IT IS SO ORDERED.

Dated: 12/11/2007  s/Christopher A. Boyko
Judge